# United States District Court
## Middle District of Florida
### Orlando Division

JERRY L. HILL, JR.,

                    **Plaintiff,**

-vs-                                              **Case No.  6:06-cv-462-Orl-28JGG**

FLORIDA CERAMIC EXTERIORS, INC.,
RICHARD CASHER, KATHY CASHER,

                    **Defendants.**
_____

## Report And Recommendation

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 28)** |
| **FILED:** | **February 23, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

       Plaintiff, Jerry L. Hill, and Defendants, Florida Ceramic Exteriors, Inc, Richard Casher and

Kathy Casher, jointly move the Court to approve their settlement of Plaintiff's claims pursuant to the

Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice.

       The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v.*

*United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the settlement

is a fair and reasonable resolution of a bona fide dispute.  The case involved disputed issues of FLSA

compliance, which constitutes a bona fide dispute.  Each party was represented by independent

counsel, who were obligated to vigorously represent their client.  The Court finds the proposed structured settlement of total payments to Hill of $2,250 for back wages and $2,250 for liquidated damages, and total payments of $3,500 to Hill's counsel in exchange for Hill's release of claims and dismissal of the action with prejudice to be fair and reasonable.

Because of the nature of the structured settlement, the parties have agreed to entry of consent final judgment should Defendants default on making the scheduled payments.  See Docket 30-2 at 3, ¶ F.  The Settlement Agreement, therefore, would require the Court to retain jurisdiction until July 3, 2007.[1]

The Court, therefore, **RECOMMENDS**, that:

1.      The parties' joint motion be granted and the settlement be approved.

2.      The Court dismiss the case with prejudice subject to the right of Plaintiff to move the Court on or before July 3, 2007, for the purpose of entering a stipulated form of final judgment.

3.      The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 20, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

---

[1] The last payment is due on June 20, 2007.  Docket 30-2 at 2 ¶ D.  Given the notice and cure provisions in Paragraph F, the Court calculates it must retain jurisdiction until July 3, 2006, to modify the form of judgment upon default.